IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LORENZO L. BOLLING, ) | |
| ) | |
| Petitioner/Defendant, ) | |
| ) | CIVIL NO. 05-cv-4056-JPG |
| vs. ) | |
| ) | CRIMINAL NO. 03-cr-40053 |
| UNITED STATES of AMERICA , ) | |
| ) | |
| Respondent/Plaintiff. ) | |

### MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. Petitioner pleaded guilty to conspiracy to distribute and possess with intent to distribute a mixture and substance containing cocaine base, in violation of 21 U.S.C. § 846, On May 19, 2004, he was sentenced to 168 months imprisonment, 5 years supervised release, a fine of $200, and a special assessment of $100. He filed an appeal, which was dismissed by the Seventh Circuit on October 29, 2004, for lack of jurisdiction because it was untimely.

In his section 2255 motion currently before the Court, Petitioner states two grounds for relief. First, he argues, based on the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004), that his sentence violates the Sixth Amendment because the drug quantity used to sentence him under the Guidelines was not proved to a jury beyond a reasonable doubt. Second, Petitioner argues that his trial counsel was ineffective.

In *Blakely*, the Supreme Court invalidated the sentencing scheme in the state of Washington that was very similar to the Federal Sentencing Guidelines. The next year, the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005), which did invalidate the Federal Guidelines on Sixth

Amendment principles. However, the Seventh Circuit has held that the ruling in *Booker* does not apply retroactively to convictions that were final prior to the *Booker* decision. *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005). *See also Guzman v. United States*, 404 F.3d 139, 144 (2nd Cir. 2005) (*Booker* does not apply retroactively on collateral review); *Lloyd v. United States*, 407 F.3d 608, 615-16 (3rd Cir. 2005) (same); *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005) (same); *United States v. Bellamy*, 411 F.3d 1182, 1186 (10th Cir. 2005) (same); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005) (same). As such, Petitioner cannot obtain relief on this ground. Accordingly, this ground is **DISMISSED** from the action.

Second, Petitioner argues that his trial counsel was ineffective for failing to file a timely notice of appeal, for failing to argue certain "objections" in the district court, for failing to make any statements defending Petitioner during the sentencing hearing, for lying to Petitioner, for failing to interview potential alibi witnesses, and for failing to attempt to prove that Petitioner did not possess either a gun or drugs. Petitioner argues that the ineffective assistance of counsel rendered his guilty plea involuntary.

The Court **ORDERS** the Government to file a response to Petitioner's motion, and specifically to his ineffective assistance of counsel argument, within **THIRTY (30) DAYS** of the date of this Order. The Government shall, as part of its response, attach all relevant portions of the record.

**IT IS SO ORDERED.**

**Dated: April 21, 2006**

                                              s/ J. Phil Gilbert
                                              **U. S. District Judge**