IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LORENZO L. BOLLING,           )
                              )
        Petitioner,           )
                              )
    v.                        )          NO. 05-cv-4056-JPG
                              )
UNITED STATES OF AMERICA,     )
                              )
        Respondent.           )

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Lorenzo L. Bolling's ("Bolling")

motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1).  The

government has responded to the motion (Doc. 7).

**I.     Background**

In July 2003, Bolling was indicted on one count of conspiring to distribute crack cocaine

in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) & 846, and on December 5, 2003, Bolling

pled guilty without a plea agreement to that charge.  On May 13, 2004, the Court sentenced

Bolling to serve 168 months in prison, and on May 19, 2004, Bolling's judgment and

commitment order was entered on the docket.  Bolling did not appeal the judgment in his case in

a timely manner.

In August 2004, Bolling sought to reduce his sentence by a motion in his criminal case

based on the June 2004 Supreme Court decision in *Blakely v. Washington*, 542 U.S. 296 (2004).

The Court denied the motion and, at Bolling's request, construed his motion as a notice of

appeal.  In December 2004, the Court of Appeals dismissed the untimely appeal for lack of

jurisdiction.

On March 22, 2005, Bolling filed a timely § 2255 motion arguing that in light of *Blakely*

he should have received a lower sentence and that his counsel was constitutionally ineffective in a variety of ways, including that he failed to file a notice of appeal after Bolling timely asked him to do so.  In an earlier order, the Court disposed of Bolling's *Blakely* claims and now turns to his ineffective assistance of counsel claims.

## II.    § 2255 Standards

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255.  However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996).  "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted).  It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255.

A § 2255 motion does not substitute for a direct appeal.  A defendant cannot raise in a § 2255 motion constitutional issues that he could have but did not raise in a direct appeal unless he shows good cause for and actual prejudice from his failure to raise them on appeal or unless failure to consider the claim would result in a fundamental miscarriage of justice.  *Massaro v. United States*, 538 U.S. 500, 504 (2003);  *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Fountain v. United States*, 211 F.3d 429, 433 (7th Cir. 2000);  *Prewitt*, 83 F.3d at 816.

The failure to hear a claim for ineffective assistance of counsel in a § 2255 motion is generally considered to work a fundamental miscarriage of justice because often such claims can

2

be heard in no other forum.  They are rarely appropriate for direct review since they often turn on events not contained in the record of a criminal proceeding.  *Massaro*, 538 U.S. at 504-05; *Fountain*, 211 F.3d 433-34.  In addition, the district court before which the original criminal trial occurred, not an appellate court, is in the best position to initially make the determination about the effectiveness of counsel in a particular trial and potential prejudice that stemmed from that performance. *Massaro*,  538 U.S. at 504-05.  For these reasons, ineffective assistance of counsel claims, regardless of their substance, may be raised for the first time in a § 2255 petition.

## III.    Analysis

The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."  U.S. Const. amend. VI.  This right to assistance of counsel encompasses the right to *effective* assistance of counsel.  *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970).  A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Fountain v. United States*, 211 F.3d 429, 434 (7th Cir. 2000).  An attorney's failure to file a notice of appeal when requested to do so falls below objective standards for reasonably effective representation and, in fact, is tantamount to no representation at all on appeal.  In such circumstances, a petitioner is not required to show prejudice under the *Strickland* test.  Such abandonment is a *per se* violation of the petitioner's Sixth Amendment right to counsel.  *United States v. Nagib*, 56 F.3d 798, (7th Cir. 1995);  *Castellanos v. United States*, 26 F.3d 717, 719 (7th Cir. 1994).

In his § 2255 motion, Bolling states that the day after his sentencing he asked his trial counsel, Eugene O. Howard ("Howard") to file a notice of appeal.  Bolling has supplemented his original motion with a declaration that his petition was declared under penalty of perjury (Doc. 11).  Thus, the Court views it as an affidavit.

The government urges the Court to reject Bolling's assertion that he made such a request. In support of its position, it submits an affidavit from Howard in which he states that Bolling expressly asked him *not* to file a notice of appeal but instead pursue a reduction in sentence under Federal Rule of Criminal Procedure 35 based on cooperation with the government.

The Court is faced with conflicting evidence about whether Bolling asked Howard to file a notice of appeal.  It can only resolve this question of fact by holding a hearing.  Accordingly, the Court will hold a hearing to determine whether Bolling timely requested that Howard file a notice of appeal.

## IV.    Conclusion

The Court hereby **ORDERS** that a hearing shall be held on February 9, 2007, at 10 a.m. at Benton, Illinois, on the question of whether Howard was constitutionally ineffective for failing to file a notice of appeal.

The Court finds that the interests of justice require that Bolling be represented by counsel at the hearing but that he is unable to afford counsel.  Accordingly, the Court hereby **APPOINTS** the Federal Public Defender to represent Bolling in the hearing pursuant to Rule 8 of the Rules Governing Section 2255 Proceedings and 18 U.S.C. § 3006A.  This representation is limited to the issue of whether Howard was ineffective for failing to file a notice of appeal.

The Court **RESERVES RULING** on the other claims of ineffective assistance of counsel

4

raised in Bolling's § 2255 motion pending resolution of the issue to be addressed at the hearing.

**IT IS SO ORDERED**
**DATES:  January 8, 2007**

                        s/ J. Phil Gilbert_____
                        **J. Phil Gilbert, District Judge**