IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LORENZO L. BOLLING, | ) |
| Petitioner, | ) ) ) |
| v. | ) CIVIL NO. 05-cv-4056-JPG |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Lorenzo L. Bolling's ("Bolling") motion for grand jury transcripts from his criminal case (Doc. 23), presumably pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(i), which provides that the Court may authorize disclosure of such materials "preliminary to or in connection with a judicial proceeding."

Bolling is not entitled to production of the grand jury transcripts he seeks. For centuries, grand jury proceedings have been kept secret. *In re EyeCare Physicians of Am.*, 100 F.3d 514, 518 (7th Cir. 1996). The need for secrecy of grand jury proceedings is well documented in federal cases:

> We consistently have recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings. In particular, we have noted several distinct interests served by safeguarding the confidentiality of grand jury proceedings. First, if preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements. There also would be the risk that those about to be indicted would flee, or would try to influence individual grand jurors to vote against indictment. Finally, by preserving the secrecy of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule.

*United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 424 (1983) (quoting *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218-19 (1979)).

In light of these concerns, "disclosure is available only where the material is related directly to identifiable litigation, pending or anticipated, and the party requesting the information demonstrates a compelling need for the material." *United States v. Campbell*, 294 F.3d 824, 827 (7th

Cir. 2002) (*per curiam*).  Accordingly, Rule 6(e)(3)(E) requires a strong showing of particularized and compelling need for grand jury materials before any disclosure will be permitted.  *EyeCare Physicians*, 100 F.3d at 518;  *United States v. Puglia*, 8 F.3d 478, 480 (7th Cir. 1993);  *Lucas v. Turner*, 725 F.2d 1095, 1101 (7th Cir. 1984);  *Sells Eng'g*, 463 U.S. at 443.  "'Parties seeking grand jury transcripts . . . must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed.'"  *EyeCare Physicians*, 100 F.3d at 518 (quoting *Douglas Oil*, 441 U.S. at 222).  "Although 'as the considerations justifying secrecy become less relevant, a party asserting a need for grand jury transcripts will have a lesser burden in showing justification' for their disclosure, the interests in secrecy are 'not eliminated merely because the grand jury has ended its activities.'"  *Hernly v. United States*, 832 F.2d 980, 984 (7th Cir. 1987) (quoting *Douglas Oil*, 441 U.S. at 222-23).

      Bolling has not made an adequate showing to justify disclosure in this case even though the grand jury that indicted him has been dismissed.  Instead he merely states that he would like to have copies of the transcripts.  This is insufficient to make the strong showing of compelling and particularized need to justify deviation from the normal secrecy of grand jury proceedings.  The Court therefore **DENIES** Bolling's motion (Doc. 23).

**IT IS SO ORDERED.**
**Date:  April 5, 2007**

                                    s/ J. Phil Gilbert
                                    **J. Phil Gilbert, District Judge**