IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LORENZO L. BOLLING,            )
                               )
    Petitioner,                )
                               )
v.                             )   CIVIL NO. 05-4056-JPG
                               )
UNITED STATES OF AMERICA,      )
                               )
    Respondent.                )

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Lorenzo Bolling's letter of May 2, 2007 (Doc. 30), which the Court construes as a motion for appointment of counsel.

Whether to appoint an attorney to represent an indigent § 2255 petitioner is within the sound discretion of the district court. *Winsett v. Washington,* 130 F.3d 269, 281 (7th Cir. 1997). There is absolutely no right to appointment of counsel case unless the absence of counsel would result in fundamental unfairness impinging on due process rights, *Winsett*, 130 F.3d at 281 (citing *LaClair v. United States*, 374 F.2d 486, 489 (7th Cir. 1967)); *see* 18 U.S.C. § 3006A(a)(2)(B) ("Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section . . . 2255 of title 28."). Counsel is required to be appointed only "'if, given the difficulty of the case and the litigant's ability, [the petitioner] could not obtain justice without an attorney, [he] could not obtain a lawyer on [his] own, and [he] would have had a reasonable chance of winning with a lawyer at [his] side.'" *Id.* (quoting *Forbes v. Edgar,* 112 F.3d 262, 264 (7th Cir. 1997)). The Court also has inherent authority to appoint counsel to ensure the orderly prosecution of litigation in the district. Members of the bar of this Court are obligated to accept

appointments, provided an appointment is not made more than once during a 12-month period. Local Rule 83.1(i).

After reviewing Bolling's petition, the Court finds that Bolling is well able to articulate the contours of his arguments and will be able to obtain justice without an attorney and, further, that the absence of counsel at this stage in the case would not result in an unfair proceeding impinging on Bolling's due process rights.  For this reason, the Court **DENIES** Bolling's motion for appointment of counsel (Doc. 30).

The Court is sympathetic, however, to the fact that Bolling remains confined in a county jail where he does not have access to a law library to prepare a reply brief.  Additional time is warranted to give Bolling a fair opportunity to prepare a reply brief.  The Court therefore **ORDERS** that Bolling shall have up to and including June 22, 2007, to file a reply to the government's response.  The Court further **ORDERS** the United States Marshal Service to transport Bolling back to his designated institution forthwith.

The Court notes that this is at least the second time Bolling has communicated with the Court *ex parte* by letter.  All communication with the Court should be made only through Court filings served on the opposing party unless the matters involved must be heard *ex parte*.  The Court **WARNS** Bolling that he must confine his communication with the Court to filings served on opposing counsel, with evidence of such service reflected in a certificate of service, and that any future *ex parte* communication with the Court without a certificate of service may be summarily stricken.

**IT IS SO ORDERED**.
**Date:  May 18, 2007**

                                                s/ J. Phil Gilbert
                                                **J. Phil Gilbert, District Judge**