IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| LORENZO L. BOLLING, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | NO. 05-cv-4056-JPG |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Lorenzo L. Bolling's ("Bolling") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). The government has responded to the motion (Docs. 7 & 27), and Bolling has replied to the government's second response (Doc. 33).

**I.      Background**

In July 2003, Bolling was indicted on one count of conspiring to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) & 846, and on December 5, 2003, Bolling pled guilty without a plea agreement to that charge. The indictment did not charge any specific amount or crack cocaine, and Bolling did not admit to any specific amount at his plea hearing. On May 13, 2004, the Court sentenced Bolling to serve 168 months in prison, and on May 19, 2004, Bolling's judgment and commitment order was entered on the docket. Bolling did not appeal the judgment in his case in a timely manner.

In August 2004, Bolling sought to reduce his sentence by a motion in his criminal case based on the June 2004 Supreme Court decision in *Blakely v. Washington*, 542 U.S. 296 (2004). The Court denied the motion and, at Bolling's request, construed his motion as a notice of appeal. In December 2004, the Court of Appeals dismissed the untimely appeal for lack of

jurisdiction.

On March 22, 2005, Bolling filed a timely § 2255 motion arguing that in light of *Blakely* he should have received a lower sentence and that his counsel was constitutionally ineffective in a variety of ways, including that he failed to file a notice of appeal after Bolling timely asked him to do so.

## II.     § 2255 Standards

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted). It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255.

A § 2255 motion does not substitute for a direct appeal. A defendant cannot raise in a § 2255 motion constitutional issues that he could have but did not raise in a direct appeal unless he shows good cause for and actual prejudice from his failure to raise them on appeal or unless failure to consider the claim would result in a fundamental miscarriage of justice. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Fountain v. United States*, 211 F.3d 429, 433 (7th Cir. 2000); *Prewitt*, 83 F.3d at 816.

The failure to hear a claim for ineffective assistance of counsel in a § 2255 motion is

generally considered to work a fundamental miscarriage of justice because often such claims can be heard in no other forum. They are rarely appropriate for direct review since they often turn on events not contained in the record of a criminal proceeding. *Massaro*, 538 U.S. at 504-05; *Fountain*, 211 F.3d 433-34. In addition, the district court before which the original criminal proceedings occurred, not an appellate court, is in the best position to initially make the determination about the effectiveness of counsel in a particular proceeding and potential prejudice that stemmed from that performance. *Massaro*, 538 U.S. at 504-05. For these reasons, ineffective assistance of counsel claims, regardless of their substance, may be raised for the first time in a § 2255 petition.

## III. Resolution of Prior Claims

### A. *Blakely/Booker* Claims

In an earlier order (Doc. 2), the Court disposed of Bolling's claims based on *Blakely* and its progeny finding that those cases were not retroactively applicable to cases on collateral review.

### B. Ineffective Assistance of Counsel: Failure to File Notice of Appeal

The Court then held a hearing on February 23, 2007, on the portion of Bolling's ineffective assistance of counsel claim based on the assertion that Bolling's attorney, Eugene Howard ("Howard"), failed to file a notice of appeal after Bolling requested that he do so.

The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right to assistance of counsel encompasses the right to *effective* assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970). A party

3

claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Fountain v. United States*, 211 F.3d 429, 434 (7th Cir. 2000).

To satisfy the first prong of the *Strickland* test, the plaintiff must direct the Court to specific acts or omissions of his counsel. *Fountain*, 211 F.3d at 434 (citing *United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995)). The Court must then consider whether in light of all of the circumstances counsel's performance was outside the range of professionally competent assistance. *Id.* The Court's review of counsel's performance must be "highly deferential[,] . . . indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Counsel's performance must be evaluated keeping in mind that an attorney's trial strategies are a matter of professional judgment and often turn on facts not contained in the trial record. *Id.* The Court cannot become a "Monday morning quarterback." *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990).

To satisfy the second prong of the *Strickland* test, the plaintiff must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Fountain*, 211 F.3d at 434; *Adams v. Bertrand*, 453 F.3d 428, 435 (7th Cir. 2006). "A reasonable probability is defined as one that is sufficient to undermine confidence in an outcome." *Adams*, 453 F.3d at 435 (citing *Strickland*, 466 U.S. at 694).

An attorney's failure to file a notice of appeal when requested to do so falls below objective standards for reasonably effective representation and, in fact, is tantamount to no representation at all on appeal. In such circumstances, a petitioner is not required to show

4

prejudice under the *Strickland* test. Such abandonment is a *per se* violation of the petitioner's Sixth Amendment right to counsel. *United States v. Nagib*, 56 F.3d 798, (7th Cir. 1995); *Castellanos v. United States*, 26 F.3d 717, 719 (7th Cir. 1994).

At the February 23, 2007, hearing, Howard and Bolling testified and exhibits were admitted. Bolling testified that the day after his sentencing he asked Howard to file a notice of appeal and that Howard told him he had done all he could do and did not file a notice of appeal pursuant to Bolling's request. On the other side, Howard maintained that after sentencing he fully advised Bolling of his appeal rights and that he and Bolling discussed whether he could cooperate with the government to receive a sentence reduction under Federal Rule of Criminal Procedure 35(b). Howard testified he advised Bolling that if he appealed his sentence, the government might not be willing to set up a proffer interview or consider a Rule 35(b) motion. In response, Howard testified Bolling expressly told him not to file a notice of appeal but to pursue a proffer interview, which Howard did. Government officials then interviewed Bolling at the Federal Correctional Institute in Memphis, Tennessee. Nevertheless, Bolling received no sentence reduction.

For the reasons stated at the hearing, including the demeanor of the witnesses and the reasonableness of their testimony in light of the other evidence and the undisputed events, the Court found Howard to be more credible than Bolling and found that Bolling never gave Howard a directive to file a notice of appeal. It accordingly denied Bolling's § 2255 motion to the extent it relied on Howard's failure to timely file a notice of appeal.

The Court now turns to the remainder of Bolling's ineffective assistance of counsel claims, which the Court will address in turn.

## IV. Analysis of Other Ineffective Assistance Claims

### A. Failure to Contact Potential Witnesses or Hire an Investigator to Contact Potential Witnesses

Bolling faults Howard with failing to contact potential witnesses Greg Woods, Ray Walls and Jessica Ellison prior to his guilty plea. In his reply brief, which was not signed, much less signed under penalty of perjury, so it does not constitute an affidavit, Bolling states that those witnesses would have testified that he was not guilty of the crime to which he pled.

An attorney has "a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland v. Washington*, 466 U.S. 668, 691 (1984); *accord Wiggins v. Smith*, 539 U.S. 510, 521 (2003); *Adams v. Bertrand*, 453 F.3d 428, 436 (7th Cir. 2006). An attorney does not have to investigate every conceivable line of mitigating evidence as long as his decision not to investigate a particular line was reasonable from his perspective at the time he made the decision to forego the investigation. *Wiggins*, 539 U.S. at 521-22; *Adams*, 453 F.3d at 436; *Brown v. Sternes*, 304 F.3d 677, 692 (7th Cir. 2002). Strategic choices to limit an investigation are reasonable if "reasonable professional judgments support the limitations on investigation." *Strickland*, 466 U.S. at 690-91; *accord Wiggins*, 539 U.S. at 521.

When a petitioner accuses his counsel of failing to investigate his case, in order to establish prejudice he must point to "sufficiently precise information, that is, a comprehensive showing as to what the investigation would have produced." *Hardamon v. United States*, 319 F.3d 943, 951 (7th Cir. 2003) (internal quotations and citation omitted); *accord Richardson v. United States*, 379 F.3d 485, 488 (7th Cir. 2004). He cannot rely on vague allegations that the investigation was insufficient or would have yielded favorable evidence. *See Hardamon*, 319

6

F.3d at 951.

Bolling has not pointed to any specific exculpatory information from the three witnesses Howard or an investigator could have discovered that would have changed Howard's recommendation or Bolling's decision to plead guilty. "Whether a movant who pleaded guilty can establish prejudice from counsel's failure to investigate depends on whether the information that might have been discovered 'would have led counsel to change his recommendation as to the plea.'" *Richardson v. United States*, 379 F.3d 485, 488 (7th Cir. 2004) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

It is highly doubtful codefendant Woods would have provided any beneficial information since he had charges pending against him at the time of Bolling's plea and since Woods later admitted in a stipulation of facts that he had conspired with Bolling to distribute crack cocaine. Similarly, codefendant Walls had pled guilty to the conspiracy in a cooperating plea agreement several weeks before Bolling's plea. Bolling does not explain what relevant testimony Jessica Ellison, his stepdaughter, could provide.

Furthermore, after a thorough plea colloquy at which Bolling assured the Court he was satisfied with Howard, Bolling knowingly and voluntarily admitted under oath to conspiring to distribute crack cocaine. His claim now that he was not guilty of the charge and that Howard should have done further investigation to discover that fact before the plea rings hollow.

### B. Failure to Argue Objections to Presentence Investigation Report; Failure to Defend Bolling at Sentencing

Bolling alleges that Howard was constitutionally ineffective when he failed to argue the objections to Bolling's presentence investigation report ("PSR") and defend him at sentencing. The record reflects that Howard filed written objections to the PSR challenging the reliability of

7

codefendant Mindy Smith ("Smith"), whose testimony established Bolling's relevant conduct amount and the applicability of an enhancement for possession of a firearm under United States Sentencing Guideline Manual ("U.S.S.G.") § 2D1.1(b)(1). Bolling withdrew his objections at the sentencing hearing. At that time, the Court asked Bolling whether he wanted to withdraw the objections, and Bolling agreed that he did.

In his reply brief, Bolling argues that Howard coerced Bolling into withdrawing his objections at sentencing by telling him if he did not withdraw the objections, the Court would not sentence him at the low end of the guideline sentencing range, he would be forced to go to trial and he would receive 20 years imprisonment.

Bolling has not shown that Howard's performance was deficient because he convinced him to withdraw his objections. First, Bolling's statements about Howard's advice are only self-serving, unsworn statements. More is required before the Court will grant § 2255 relief.

Even if Howard had said the things Bolling alleges, Bolling has not demonstrated Howard's alleged advice was deficient. Howard was apparently concerned that the Court might find Bolling's objections to be without merit and that his sentence would have been higher as a result. The supplement to the PSR provides a rationale for Howard to believe it was likely the Court would find Smith's testimony reliable and reject Bolling's objections. Bolling has not pointed to any evidence other than his vague and insufficient unsworn statements about the anticipated testimony of Greg Woods, Ray Walls and Jessica Ellison (discussed in the prior section) Howard could have used to show Smith was not reliable.

Howard aimed to obtain the lowest sentence reasonably possible for Bolling. If Bolling had contested relevant conduct or the gun enhancement and the Court had found the argument

8

meritless, which appeared reasonably likely in light of the supplement to the PSR, Bolling risked losing the three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. His offense level then would have been 36 and his sentencing range 235 to 240 months (a 235- to 293-month range limited by a 20-year statutory maximum, *see* 21 U.S.C. § 841(b)(1)(C)). Had Bolling testified himself to cast doubt on Smith and the Court had not believed him, he would additionally have been subject to a further two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1, yielding a total offense level of 38 and a guideline range to 240 months (a 292- to 365-month range limited by a 20-year statutory maximum, *see* 21 U.S.C. § 841(b)(1)(C)). These possibilities undoubtedly are the potential 20-year sentence to which Howard referred.

It was also apparent from Bolling's criminal past – the events that counted toward his criminal history category and those that did not – that there was a real risk that the Court might not sentence Bolling at the low end of the guideline range, especially without a government recommendation to do so. The disposition transcript demonstrates that the government recommended a low-end sentence *as a direct result of* the withdrawal of Bolling's objections. Howard's decision to advise Bolling to withdraw questionable objections in order to ensure a lower guideline range and a low-end recommendation from the government was a matter of professional judgment and was well within the range of competent assistance.

Bolling also states that Howard knew and should have argued that the government did not have physical evidence of a gun or of 150 to 500 grams of crack cocaine. This argument is misplaced; physical evidence is not required to establish relevant conduct or a possession of a weapon enhancement so long as there is some other reliable evidence. Defense counsel is not

9

deficient for failing to make a frivolous or losing argument. *Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005).

Furthermore, Bolling has not shown prejudice from Howard's failure to press the objections or make any other argument in his defense at sentencing. He has not specified what Howard could have argued to convince the Court that his objections had merit or that he should have gotten any lesser sentence. When a § 2255 petitioner faults his attorney for failing to object or present evidence at trial or at sentencing, he bears the burden of demonstrating what evidence the attorney should have presented and that the presentation of such evidence had a reasonable probability of changing the result. *Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005); *Berkey v. United States*, 318 F.3d 768, 774 (7th Cir. 2003). Thus, to prevail in his argument on this matter, Bolling must show what evidence Howard could have presented to show that Smith's statements were unreliable or that Bolling should have gotten a lesser sentence. Bolling's vague statement that Greg Woods, Ray Walls and Jessica Ellison "would have testified that Bolling was not responsible for these alleged allegations, which were made against him" is not sufficient to demonstrate a reasonable probability that the results of the sentencing would have been different had their testimony been presented. For this reason, Bolling has not shown prejudice from Howard's performance.

  C. <u>Voluntariness of Plea</u>

Finally, Bolling alleges that Howard's ineffectiveness rendered his plea involuntary. In a case where a petitioner pled guilty as a result of alleged ineffective assistance of counsel, to satisfy the first prong of the *Strickland* test, the petitioner must show that his counsel's advice leading to the plea was outside the range of professionally competent assistance. *Hill v.*

10

*Lockhart*, 474 U.S. 52, 56-57 (1985) (citing *McMann v. Richardson*, 397 U.S. 759, 771 (1970); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)). The Court has already determined that Howard's advice was within the range of professionally competent assistance.

To satisfy the second *Strickland* prong, he must show that there is a reasonable probability that, but for his counsel's deficient performance, he would not have entered a guilty plea and instead would have gone to trial. *Hill*, 474 U.S. at 58; *Hays v. United States*, 397 F.3d 564, 568 (7th Cir. 2005); *Richardson v. United States*, 379 F.3d 485, 487 (7th Cir. 2004). To make such a showing, the petitioner must present objective evidence that he would not have entered a guilty plea; his own self-serving testimony is not enough. *McCleese v. United States*, 75 F.3d 1174, 1179 (7th Cir. 1996) (citing *Toro v. Fairman*, 940 F.2d 1065, 1068 (7th Cir. 1991)). Bolling relies on only self-serving statements that he would not have pled guilty had Howard performed differently. Bolling's claim is belied by his own responses in the plea colloquy conducted pursuant to Federal Rule of Criminal Procedure 11 showing his plea was competent, knowing and voluntary. Bolling has offered nothing but self-serving testimony otherwise, and that is not enough to warrant a hearing or § 2255 relief.

## V. Conclusion

For the foregoing reasons, the Court **DENIES** Bolling's § 2255 motion (Doc. 1) and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED**
**DATES: March 18, 2008**

                                        s/ J. Phil Gilbert
                                        **J. Phil Gilbert, District Judge**